FILED
2019 Dec-05 PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIRK V. MAXWELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-cv-01360-LSC-HNJ |
| SUZANE PREVETTE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on October 21, 2019, recommending this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. 14). The plaintiff filed timely objections (doc. 16) to the recommendation of the magistrate judge.

Rather than making objections to findings of fact or conclusions of law, the plaintiff's objections focus on the 2012 criminal proceedings which resulted in his plea of guilty and incarceration.[1] Specifically, the plaintiff asserts his attorney told him he could not properly defend the plaintiff for what he was paid, that the judge in the criminal proceedings would not let him mention Special Agent Prevette's arrest, and that he only learned within the last few months of Special Agent Prevette's

---

[1] *See United States v. Kirk V. Maxwell*, 2:12-cr-00210-VEH-JHE (N.D.Ala.)

incarceration.² The plaintiff further reiterates that he may have been "targeted by someone high up in Homeland Security because of my true identity as William Vincent Albert Windsor, the legal & rightful King of England, in order to prevent or delay my ascension to the Throne." (Doc. 16 at 2).

The plaintiff's claims concerning his arrest and detention in 2012 are barred by the statute of limitations. The plaintiff's assertion that he only learned of defendant Prevett's incarceration "a couple of months ago" (doc. 16 at 2) does not change this outcome, as his claims for excessive force, false arrest, and false imprisonment all accrued at the time of his arrest, more than seven years ago. *See e.g., Baker v. City of Hollywood*, 391 F.App'x 819, 821 (11th Cir. 2010) (excessive force claim accrues when the use of excessive force occurred); *Johnson v. Greaves*, 366 F.App'x 976, 978 (11th Cir. 2010) (in Alabama, false arrest and false imprisonment claims under *Bivens* are subject to a two year statute of limitations).

This action is further barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court specifically held that a plaintiff cannot recover damages for an allegedly unconstitutional conviction or imprisonment unless he can prove that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such a determination, or called into question

---

² As noted in the report and recommendation, no federal inmate by this name appears on the Bureau of Prison's Inmate Locator website. (Doc. 14 at 4 n.3). Nor does any criminal action concerning anyone with this name appear in the Public Access to Court Electronic Records ("PACER") database, which contains all federal actions nationally.

by a federal court's issuance of a writ of habeas corpus. *Id.*, at 486-87. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a [*Bivens*] action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Abello v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (applying *Heck* to *Bivens* actions).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** on December 5, 2019.

_____
L. Scott Coogler
United States District Judge

160704

3